UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA PAXTON,

    Plaintiff,

v.                                                                   CASE NO: 8:09-cv-1463-T-26MAP

ROADHOUSE OF TARPON SPRINGS, INC.,
et al.,

    Defendants.
                                           /

## O R D E R

Defendants Countryside Roadhouse, Inc., and Roadhouse of Tarpon Springs, Inc., have filed separate motions to dismiss various counts of Plaintiff's complaint, claiming that those counts fail to state a claim upon which relief may be granted. After careful consideration of Defendants' submissions, together with the well-pleaded allegations of Plaintiff's complaint and the applicable law, the Court concludes that the motions are due to be denied, thus obviating the need for a response from Plaintiff.

Defendant Countryside Roadhouse contends that count I (sexual harassment under the Florida Civil Rights Act) and count III (sexual harassment under Title VII) fail to state claims for relief because Plaintiff will be unable to establish several of the elements necessary to prove her claims embodied in these counts. That contention is best left for determination within the context of a motion for summary judgment filed after the completion of discovery. At this juncture of the proceedings, the Court is satisfied that Plaintiff has adequately met the pleading requirements of Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1974 (2007) in that Plaintiff's claims for relief under counts I and III are plausible on their face. Defendant

Roadhouse of Tarpon Springs advances the same argument with regard to counts II and IV, and those arguments are likewise rejected for the same reasons.

Both Defendants also contend that Plaintiff's claim in count V premised on Florida's Private Whistleblower Act (the FWA) should be dismissed because it is preempted by the Florida Civil Rights Act or Title VII. The Court disagrees. See Rivera v. Torfino Enter., Inc., 914 So.2d 1087 (Fla. Dist. Ct. App. 2005).

Both Defendants next argue that Plaintiff cannot recover damages for mental anguish and mental distress under the FWA. Again the Court disagrees based on established law. See McIntyre v. Dehaize America, Inc., 2009 WL 161708 (M.D. Fla. 2009); Wood v. Cellco P'ship, 2007 WL 917300 (M.D. Fla. 2007); section 448.103(2)(e).

Finally, both Defendants contend that Plaintiff is not entitled to a jury trial with regard to her claim under the FWA. Again, the law dictates a contrary conclusion. See O'Neal v. Florida A & M Univ., 989 So.2d 6 (Fla. Dist. Ct. App. 2008); Rodriguez v. Casson-Mark Corp., 2008 WL 2949520 (M.D. Fla. 2008); Dudding v. Liberty Healthcare Corp., 2007 WL 187471 (M.D. Fla. 2007).

Accordingly, Defendants' Motions to Dismiss (Dkts. 5 and 7) are denied. Defendants shall file complete answers and defenses to Plaintiff's complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 4, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record